**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                                 :
GREGORY DAVIS,                   :
                                 :     Civil Action No. 07-0034 (MLC)
            Plaintiff,           :
                                 :
      v.                         :          O P I N I O N
                                 :
SALVATORE C. ADAMO,              :
                                 :
            Defendant.           :
_____ :
```

**APPEARANCES:**

Gregory Davis, Pro Se, Inmate No.: 12887-074
FCI Gilmer, P.O. Box 6000, Glenville, WV 26351

**COOPER, District Judge**

Plaintiff, who is incarcerated in West Virginia, seeks to bring this action in forma pauperis. Based on Plaintiff's affidavit of indigence, the Court will grant the application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

The Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. The Court will dismiss the complaint.

BACKGROUND

The following facts are taken from the complaint and assumed true here. Plaintiff seeks to sue Salvatore C. Adamo, his court-

appointed counsel, appointed by the Court of Appeals for the Sixth Circuit to represent him on a criminal appeal.  Plaintiff states that he informed Defendant of certain evidence and arguments he wished raised on appeal.  Defendant did not raise the issues on appeal, stating they were not proper.  Also, Plaintiff believes that Defendant misinformed him about the appointment of counsel.

Plaintiff requested that Defendant withdraw as counsel and decided to represent himself, but Defendant continued to act on Plaintiff's behalf.  Plaintiff also claims that Defendant violated American Bar Association rules and did not diligently represent him on appeal.  Plaintiff states that he has been injured by Defendant's actions, and that Defendant committed legal malpractice.  He asks for monetary relief.

**DISCUSSION**

**A.  Section 1915 Review**

The Prison Litigation Reform Act ("PLRA") was enacted "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous."  Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), a court must dismiss, at the earliest practicable time, any prisoner complaints that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.

2

"A pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

**B.  42 U.S.C. § 1983 and Bivens**

Pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), one is entitled to recover damages for injuries suffered when federal officials violate the Fourth Amendment. Bivens created a new tort as it applied to federal officers, and a federal counterpart to the remedy created by 42 U.S.C. § 1983.[1] Bivens may also create remedies under the Eighth Amendment and Fifth Amendment.  See Carlson v. Green, 446 U.S. 14 (1980); Davis v. Passman, 442 U.S. 228 (1979).

A Bivens claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation was caused by an official acting under color of federal law.  See Mahoney v. Nat'l Org. For Women, 681

---

[1] Section 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

F.Supp. 129, 132 (D. Conn. 1987) (citing <u>Flagg Bros. v. Brooks</u>, 436 U.S. 149, 155-56 (1978)).

<u>Bivens</u> actions are analogous to actions brought under 42 U.S.C. § 1983 against state officials who violate federal constitutional or statutory rights.  The two bodies of law are not "precisely parallel"; however, there is a "general trend" to incorporate § 1983 law into <u>Bivens</u> actions.  <u>See</u> <u>Egervary v. Rooney</u>, 80 F.Supp.2d 491 (E.D. Pa. 2000).

**C.   Adamo Not Federal Official for Purposes of Civil Rights Claim**

Plaintiff seeks to sue Defendant, an attorney assigned to handle his criminal appeal, for violating his constitutional rights.  But the claims against Defendant will be dismissed, because defense counsel — whether court appointed or privately retained — does not act under color of law when representing clients in a legal capacity.  <u>See</u> <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981) (holding public defender not acting under color of state law); <u>Steward v. Meeker</u>, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel not acting under color of state law when representing client); <u>Thomas v. Howard</u>, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney not acting under color of state law); <u>Awala v. Stretton</u>, 2006 WL 2347659 (D. Del. Mar. 3, 2006) (applying <u>Dodson</u> in <u>Bivens</u> action).

Plaintiff has pleaded no facts to suggest that Defendant acted in any capacity other than that of a traditional attorney.

Because Defendant did not act under color of federal law in representing Plaintiff in his criminal case, the claims against him will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

**D.    State Law Claims**

Plaintiff argues that Defendant committed legal malpractice in representing him.  This is a state law claim.  A district court dismissing all claims over which there was original jurisdiction may decline to exercise supplemental jurisdiction over a related state law claim.  28 U.S.C. § 1367(c)(3).  Where all federal claims are dismissed before trial, "the district court <u>must</u> decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."  <u>Hedges v. Musco</u>, 204 F.3d 109, 123 (3d Cir. 2000).  As no such extraordinary circumstances appear to be present, the Court will dismiss Plaintiff's potential state law claims without prejudice.

**CONCLUSION**

The complaint will be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  The Court will issue an appropriate order and judgment.

                                       s/ Mary L. Cooper
                                       **MARY L. COOPER**
                                       United States District Judge

5